IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT YBARRA and
MICHAEL BOUNDS,

        **Plaintiffs,**

v.                                                     CIV. No. 96-0838 LH/LFG

AMOCO PRODUCTION CO.,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THE MATTER** before the Court concerns Plaintiffs' expert witness, Dr. Andrew Campbell. Various discovery issues relating to Dr. Campbell, such as the taking of his deposition and the propriety of his expert witness report, have been extensively briefed and contested by Defendant Amoco, and are addressed in the following pending motions before the Court: Defendant Amoco Production Company's Motion in Limine to Exclude Testimony of Dr. Andrew Campbell (Docket No. 77); Supplement to Defendant Amoco Production Company's Motion in Limine to Exclude Testimony of Dr. Andrew Campbell (Filed 12/12/97)(Docket No. 81); Defendant Amoco's Motion in Limine and to Strike Untimely and Inadmissible Expert Testimony (Docket No. 83); Defendant's Motion in Limine to Exclude Expert Testimony and for Judgment as a Matter of Law (Docket No. 108); and Motion by Defendant to Dismiss Plaintiffs' Complaint

or, Alternatively, to Exclude Dr. Campbell as a Witness and for a Protective Order (Docket No. 119).

Plaintiffs have not responded to any of these motions, in violation of this Court's Local Rule 7.  This failure alone would justify granting the relief sought by Amoco.  *See* D.N.M.LR-C<small>IV</small>. 7.5(b).  Rather than rely on this one technical procedural deficiency however, the Court has considered the extensive record before it.  For the reasons that follow, because of Plaintiffs' patterned failure to produce discovery relating to this expert, Dr. Andrew Campbell is hereby stricken as a witness in this case.  To the extent the above-mentioned motions seek this particular relief, these motions are **granted in part.** [1]

**Underlying Facts**

This lawsuit is before this Court on remand from the Tenth Circuit Court of Appeals, for a trial on the merits.  A pre-trial conference is set in this matter for December 4, 2000, jury selection is set for December 5, 2000, and a definite trial date of December 12, 2000 is in place.  In addition to their failure to respond to any of the pending motions, Plaintiffs have failed to comply with the deadlines set forth in the Notice of Trial (Docket No. 105), and have not filed with the Court their witness list, exhibit list, proposed jury instructions, proposed voir dire or proposed statement of the case.  This failure to comply with the Court's order not only prejudices Defendant Amoco, but hampers this Court's preparation for the December 4, 2000

---

[1] The remaining issues raised in Amoco's motions will be addressed at the pretrial conference on December 4, 2000.  These include Defendant's Motion in Limine to Exclude Evidence Not Properly Disclosed in Discovery Supplementation (Docket No. 110) and Defendant's Motion in Limine to Exclude Reference to and Evidence of OSHA Investigation and Citations (Docket No. 112).  In addition, at that conference the Court will address the proposed testimony of Dr. Austin under *Daubert*, *Kumho Tire Co.* and relevancy standards.  It may be necessary at the pretrial conference to schedule a subsequent *Daubert/Kumho Tire Co.* type hearing.

pretrial conference and December 12, 2000 jury trial.

The Court has reviewed the entire court file and all existing orders of Magistrate Judge Garcia that relate to the extensive discovery disputes relating to Dr. Campbell. Amoco's memorandum brief that accompanies its most recent motion contains Exhibit A, which is an extensive chronology, categorized by Amoco as "Plaintiffs' history of disregard of this Court's rules" (Mem. Brief at 3). This chronology is substantially accurate and serves to illustrate Plaintiffs' counsel's utter disregard of this Court's rules and procedures. Of particular relevance to this Memorandum Opinion and Order is Plaintiffs' abusive conduct relating to discovery issues involving Dr. Campbell.

I will briefly summarize this conduct and the related court proceedings. In June of 1997, due to Plaintiffs' failure to produce Dr. Campbell's relevant records, Judge Garcia found it necessary to order Plaintiffs to produce these records to defense counsel. (Docket No. 37). Judge Garcia also denied Plaintiffs' motion for protective order and mandated that Dr. Campbell's deposition be taken in Houston later in June 1997(Docket No. 38)[2]. Amoco advanced Dr. Campbell $3,600 to cover the cost of a four and a half hour deposition. Despite the existing court order, Dr. Campbell canceled his deposition at the last minute, claiming that a family emergency had arisen. Dr. Campbell subsequently refused to return the $3,600, claiming that it had been "forfeited", according to a "letter of agreement", because defense counsel "disregarded the dignity and time of [his] patients as well as [himself]". (Exhibit A to Docket No. 81).

---

[2] Judge Garcia noted that "[T]he proposed delay works a hardship on all parties and on other deponents. The Court also notes that a significant portion of the blame must be borne by Plaintiffs' counsel and by the deponent, Dr. Campbell. The failure to cooperate with opposing counsel in scheduling the depositions and securing necessary documents has already led to the rescheduling of these depositions." (Docket No. 38).

The issue of Dr. Campbell's deposition was again before the Court at a September 11, 1997 hearing. The Court granted Plaintiffs a final discovery extension and authorized Amoco to take a discovery deposition of Dr Campbell, "who had, for a variety of reasons, been unavailable to have his deposition taken." (Docket No. 65). At the September hearing, Plaintiffs' counsel, Mr. Klipstine, stated that he would make Dr. Campbell available within a 30-day period (Tr. at 16). At this same hearing, Judge Garcia stated that if Campbell is "going to be a witness, he has got to make himself available ... within the time that's available." (Tr. at 24). Judge Garcia required Plaintiffs to provide dates when Amoco could take the discovery deposition of Dr. Campbell. According to Amoco, it was subsequently informed that Dr. Campbell was available in Houston on October 8, 1997, but for two hours only. Amoco objected that two hours would be insufficient to conduct a discovery deposition.[3] At that juncture, Plaintiffs scheduled their own two hour videotape trial deposition of Dr. Campbell. On October 8, 1997, Judge Garcia entered an order granting Amoco's motion for protective order to prevent Plaintiffs' deposition, stating that it would be unfair to allow Plaintiffs to proceed with a trial deposition, when Dr. Campbell refused to be available for a discovery deposition taken by Amoco (Docket No. 65).

The court record reflects no further conduct by Plaintiffs, nor were there any further court proceedings, regarding Dr. Campbell's deposition prior to the dismissal of this case at a summary judgment hearing on June 30, 1998. The Tenth Circuit remanded the case to this Court on June 16, 1999.

The issue of discovery involving Dr. Campbell next surfaced at a September 20, 1999

---

[3] Due to Plaintiffs' failure to respond to the pending motions, the Court has no choice but to rely upon the representations of Amoco regarding some of this background information.

4

status conference. At that time, I allowed Plaintiffs to be sent back to Dr. Campbell so that he could "testify about current facts". At that time I required Dr. Campbell to provide an updated report to Amoco. I required that Amoco be provided an opportunity to depose Dr. Campbell, and an opportunity to have Plaintiffs examined by Amoco's experts (Tr. at 6). At that status conference, Mr. Klipstine agreed, within 30 days, to supplement prior discovery, to outline Plaintiffs' claim for lost wages, medical expenses and future damages (Tr. at 16). Plaintiffs agreed to provide copies of new releases to Amoco, so it could update its records. *Id*. According to Amoco's latest brief and memorandum, none of the promised supplementation has been received, despite reminders from Amoco to Plaintiffs' counsel on September 21, November 19, and November 29, 1999.

Plaintiffs' only effort contained in the record that has been undertaken since the status conference in this regard, is their noticing Dr. Campbell for a December 6, 2000 videotape trial deposition. This conduct is in clear disregard of Judge Garcia's October 8, 1997 order. Amoco rightfully objects to the taking of this trial deposition, relying on Judge Garcia's prior ruling, in light of the fact that Amoco has not been able to take a discovery deposition of Dr. Campbell.

**Legal Standards**

The district court has authority to dismiss a claim for failure to obey a discovery order. FED.R.CIV.P. 37(b)(2)(c). *Gocolay v. N.M. Sav. & Loan Ass'n,* 968 F.2d 1017, 1020 (10th Cir. 1992). It is undisputed that Plaintiffs failed to produce Dr. Campbell for a deposition as ordered in June and September of 1997 by Judge Garcia, and by the undersigned judge at the September 1999 status conference. Amoco seeks dismissal of this case as a sanction for this discovery failure

by Plaintiff.

In determining whether to dismiss an action with prejudice, the Court must consider a number of factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and, (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

As to the first factor, I note that Amoco has been put to great expense in its efforts to depose Dr. Campbell, and that Dr. Campbell has not reimbursed the advance payment of $3,600. At this late date, with the pre-trial conference and jury selection scheduled for next week, Amoco would be unduly prejudiced if the Court allowed Dr. Campbell to be deposed and to testify in this matter.

The second factor, interference with the judicial process, also operates against Plaintiffs. As noted above, Plaintiffs' counsel has repeatedly made commitments he did not keep to schedule Dr. Campbell's deposition, and Dr. Campbell has refused to avail himself to the discovery process, both sets of actions in violation of court orders. If litigants are allowed to flagrantly ignore court orders without suffering the consequences, this Court cannot administer orderly justice, and the result would be chaos.

On the other hand, as to the third factor, I note that Plaintiffs themselves do not appear to be culpable in these failures, but that these appear to be attributable to the poor legal representation they have had in this matter. The Court has not previously warned Plaintiffs that dismissal of the action would be a likely sanction for noncompliance of discovery orders. As to

the fifth factor, I conclude that the immediate problem of discovery failures with regard to Dr. Campbell are best addressed through the lesser sanction of barring his testimony.

Having considered all these factors, I conclude that the strong judicial policy of resolving cases on their merits outweighs the aggravating factors that might weigh in favor of dismissal. For these reasons, I decline to dismiss this case or grant a judgment as a matter of law.

Based on the above-stated underlying facts and the failures by Plaintiffs' counsel, the Court concludes that striking Dr. Campbell as a witness in this case is warranted.  I conclude that Plaintiffs' failure to comply with court rules and orders regarding discovery warrants some sanction, albeit a lesser sanction than dismissal of the case.  The district court's discretion to choose a sanction is limited in that the chosen sanction must be both "just" and "related to the particular claim" which is at issue in the order to provide discovery.  *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 695 (1982).  I conclude that it would be just and appropriate, under the circumstances of this case, to bar Dr. Campbell from testifying in this matter.

**Summary**

Plaintiffs have failed to respond to the five motions in limine that Amoco has filed relating to discovery non-compliance by Plaintiffs.  This alone would justify granting these five motions, pursuant to  D.N.M.LR-Civ. 7.5(b).  Rather than grant the motions for this basis, the Court has evaluated the substance of the motions, and concludes that they are well-taken.   Plaintiffs have refused to obey court-ordered discovery with regard to Dr. Campbell. Mr. Klipstine has made commitments to the Court with regard to the scheduling of Dr. Campbell's deposition, that

counsel has blatantly refused to honor.  There is no question that Dr. Campbell has repeatedly defied the authority of this Court and that he has relentlessly frustrated Amoco's legitimate discovery efforts.  All these factors, coupled with Plaintiffs' noncompliance with Local Rule 7.5(b),  combine to justify my decision to strike Dr. Campbell as a witness in this case.

**WHEREFORE,** for the reasons stated, Dr. Andrew Campbell is hereby **stricken as a witness** in this matter.  To the extent that Defendant Amoco's motions in limine (Docket Nos. 77, 81, 83, 108 and 119) seek this relief, they are hereby **granted.**

**IT IS SO ORDERED.**

_____
**U. S. DISTRICT COURT JUDGE**